# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-266V
UNPUBLISHED

EARL J. SMITH,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: June 2, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

*Scott B. Taylor, Urban & Taylor, S.C., Milwaukee, WI, for petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 19, 2019, Earl J. Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on June 15, 2009. Petition at 1[3]. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 19, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 27, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $197,500.00 for past

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner is not time-barred from alleging a Table injury of GBS because the petition was filed within the look-back provision. *See* § 16(b).

and future pain and suffering.  Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $197,500.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**


<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

EARL J. SMITH,

                    Petitioner,

       v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

No. 19-266V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 19, 2019, Earl J. Smith ("petitioner") filed a petition for vaccine injury compensation alleging that he developed Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine administered to him on June 15, 2009.[1] Respondent filed his Rule 4(c) Report conceding entitlement to compensation on May 19, 2020, and the Court issued a Ruling on Entitlement that same day.

### I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a total of $197,500.00 for his past and future pain and suffering. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner

---

[1] Petitioner is not time-barred from alleging a Table injury of GBS under 42 U.S.C § 300aa–16(a)(2), because his petition was filed not later than two years after the effective date of the Table revision adding GBS as a Table injury following flu vaccine (March 21, 2017), and the alleged injury occurred not more than eight years prior to the effective date of the Table revision. See 42 U.S.C. § 300aa–16(b).

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $197,500.00 in the form of a check payable to petitioner.[3]

Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4099

DATED: May 27, 2020

---

[3]  Petitioner is a competent adult.   Proof of guardianship is not required in this case.

2